IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMG MORTGAGE SERVICES, INC., | No. C-06-3750 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY; VACATING HEARING** |
| v. | |
| WYMAC CAPITAL, INC., | |
| Defendant | |

Before the Court is defendant Wymac Capital, Inc.'s motion to dismiss, filed July 3, 2006, to dismiss plaintiff CMG Mortgage Services, Inc.'s complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to stay the instant action in light of an earlier-filed action pending in state court. Plaintiff has filed opposition, to which defendant has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for August 11, 2006, and rules as follows.

1. Contrary to defendant's argument, plaintiff has adequately alleged standing to assert its claim for unfair competition in violation of the Lanham Act, as well as its derivative claim for declaratory relief. Specifically, plaintiff's allegations that it is a competitor of defendant, (see Compl. ¶ 5), that defendant has made false and misleading statements about defendant's products in its advertising, (see, e.g., Compl. ¶¶ 23, 31, 33, 34), and that

plaintiff has lost customers as a result thereof, (see Compl. ¶ 37), are sufficient.  See Waits v. Frito-Lay, Inc., 978 F. 2d 1093, 1109 (9th Cir. 1982) (holding plaintiff who alleges injury by reason of competitor's false representations in advertisements has standing to bring claim for unfair competition under Lanham Act).

2. Although defendant argues plaintiff lacks standing to bring a claim under the Real Estate Settlement Procedures Act ("RESPA") and, alternatively, has failed to state a claim under RESPA, such arguments are unavailing because plaintiff has neither alleged nor attempted to allege a claim under RESPA.  Although the complaint alleges defendant has "falsely advertis[ed]" that it offers services in compliance with RESPA, (see Compl. ¶ 23), a false advertising claim based on a defendant's having falsely stated it is in compliance with a federal law is not transformed into a claim for relief under the federal law referenced in the defendant's advertisements.  See, e.g., Alpharma, Inc. v. Pennfield Oil Co., 411 F. 3d 934, 939-41 (8th Cir. 2005) (holding plaintiff stated claim for false advertising based on allegation defendant falsely represented its product was approved by FDA; rejecting defendant's argument plaintiff's claim was "impermissible private attempt" to state claim under FDA regulations).

3. Defendant is not entitled, under the Colorado River doctrine, to a stay of the instant action in light of the state court action between the parties herein.  Although defendant asserts some of the issues presented herein, perhaps even the majority of such issues, will be resolved in the state court proceeding, defendant has not shown that "the pending state court proceeding [will] resolve all issues in the federal suit."  See Holder v. Holder, 305 F. 3d 854, 868-69 (9th Cir. 2002) (holding defendant not entitled under Colorado River doctrine to stay of federal proceeding in favor of state proceeding, where defendant showed some but not all issues presented in federal action would be resolved in state action).  One issue presented herein that defendant has not argued, let alone shown, will be resolved in the state court proceeding is whether defendant, in its advertising, has used the symbol ™ in connection with words and phrases for which it has not obtained trademark protection.  (See Compl. ¶ 33.)

2

**CONCLUSION**

For the reasons stated, defendant's motion to dismiss or, in the alternative, to stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2006

MAXINE M. CHESNEY
United States District Judge